UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Derek Michael Delay, #1588128,  ) C/A No. 4:19-3589-DCN-TER
                                )
                  Plaintiff,    )
                                )        **ORDER**
vs.                             )
                                )
Sheriff Al Cannon Detention Center, )
                                )
                  Defendant.    )
_____)

This is an action filed by a former pretrial detainee. Plaintiff Derek Michael Delay ("Plaintiff") filed a Complaint and a Motion for Leave to Proceed *in forma pauperis* on December 30, 2019. [ECF Nos. 1, 2.] In the Complaint, Plaintiff listed his address as 3841 Leeds Avenue, North Charleston, SC 29405. [ECF No. 1 at p.2.] When the case was transferred to the undersigned, notice of the transfer was mailed to the address provided by Plaintiff. [ECF No. 7.] Thereafter, the Magistrate Judge issued a Proper Form Order, requiring the case to be brought into proper form by February 14, 2020, and granted the Motion for Leave to Proceed *in forma pauperis*. [ECF Nos. 10, 11.] The orders were mailed to the address provided by Plaintiff. [ECF No. 12.] Both mailings were returned to the Clerk of Court as undeliverable. [ECF Nos. 8 ("RTS" "Return to Sender Attempted - Not Known Unable to Forward"), 13 ("RTS Out of Jail").] It appears Plaintiff has been released from jail and failed to update his address with the court, and thus, has not received the court's notice or order.

Plaintiff's lack of response to the order and failure to maintain an updated address with the Court indicates an intent to not prosecute this case, subjecting the case to dismissal. When Plaintiff filed the Complaint on December 24, 2019, he certified compliance with Rule 11, FRCP and "agree[d] to provide the Clerk's Office with any changes to [his] address where case-related papers

may be served." [ECF No. 1 at p.12.] Upon signing, Plaintiff "under[stood] that [his] failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case." *Id.* Yet, Plaintiff has failed to comply with his certification. As a result, neither the court nor the Defendant have any means of contacting Plaintiff concerning his case.

The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Given Plaintiff's failure to comply with his certification and notify the Clerk of Court of a change of address, the court is exercising its inherent discretion to dismiss this matter for failure to prosecute.

Accordingly, this case is **DISMISSED**, without prejudice. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

/s/Sherri A. Lydon_____

Florence, South Carolina
February 28, 2020

The Honorable Sherri A. Lydon
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.